Michael ABRAMS and Sergio Bendixen,
Etc., Plaintiffs-Appellees,

v.

Janet RENO, Etc.,
Defendants-Appellants.

No. 79–1272.

United States Court of Appeals,
Fifth Circuit.

July 2, 1981.

Rehearing and Rehearing En Banc
Denied Aug. 25, 1981.

Calvin L. Fox, Asst. Atty. Gen., Jim Smith, Atty. Gen., Miami, Fla., for defendants-appellants.

Bruce Rogow, Fort Lauderdale, Fla., Flynn, Rubio & Tarkoff, Michael H. Tarkoff, Miami, Fla., for plaintiffs-appellees.

Before GODBOLD, SIMPSON and THOMAS A. CLARK, Circuit Judges.

PER CURIAM:

Affirmed on the basis of the Memorandum Opinion of the district court, *Abrams v. Reno*, 452 F.Supp. 1166 (S.D.Fla.1978).

THOMAS A. CLARK, Circuit Judge, specially concurring:

I write only to point out my understanding of the limited scope of the holding of the district court's opinion. The district court held that whatever interests the state has that might in turn rise to the level of a compelling state interest could not be furthered by an overbroad statute that unnecessarily intrudes on the associational rights of the Dade County Democratic Party and its members, and with this holding I wholeheartedly agree. The opinion mentions in passing, however, practices which may or may not support a much more limited intrusion on the part of the state. Whether the party may make contributions to or incur expenses in behalf of a candidate for party nomination prior to nomination in that party's primary is a constitutional question involving party practices that have not been made an issue either in the lower court or on appeal. I wish to add only that, in the event that such practices do form the basis of a complaint sometime in the future, "the wisdom of such procedures," 452 F.Supp. at 1171, may not be a matter solely for the party to decide. Qualifying fees that a dissident party member is compelled to pay the state in order to advance his candidacy in the party primary may be turned over to the party before the primary. *See, e. g.,* F.S.A. § 99.103. These funds may in turn be sufficiently imbued with the qualifying candidate's own political beliefs as to support the state's limited intervention in behalf of the candidate by prohibiting the party's using such funds in the primary campaign against one (dissident) candidate in favor of another (mainstream) candidate. *Compare, e. g., Abood v. Detroit Board of Education,* 431 U.S. 209, 97 S.Ct. 1782, 52 L.Ed.2d 261 (1977) (union may not require, as condition for closed shop public employment job, contributions that it may then use to advance political causes to which employee objects). These are, of course, issues we do not decide. The issue in this case is the validity of a statute that is plainly overbroad on its face, and I can only agree that the judgment of the district court must be AFFIRMED.